SCHULZ and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*March 11—April 12, 1949.*

For the appellants there was a brief by *Fisher, Reinholdt & Peickert* of Stevens Point, and oral argument by *Richard T. Reinholdt*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan*.

FAIRCHILD, J. In order for an employee to recover compensation under the Workmen's Compensation Act, two things must be proved: (1) That he was acting in the course of his employment at the time of the accident; and (2) that the injury was in some way due to the employment.

The commission had grounds for its conclusion in the fact that deceased had entered upon his employment for Schulz Brothers as a student-driver. The only inference from that fact and the further fact that he was sent with Kearn to Chicago was to acquaint himself with all that was reasonably necessary for him to know to enable him to discharge his duties. Kearn, the driver-instructor, said that he had been instructed by his employer to stop when someone was injured in an accident and give aid. The acts then to be performed would be such as called for by the circumstances; and whatever they were, his acts would be proximately and legally connected with his duties under the instructions. While an employee's duties must appear from contract, an employer's instructions

may enlarge the scope of employment so as to include assistance in case of accident to a third person.

Seeing the two cars off the road, Kearn stopped. He had reason to believe that in such a situation there would be someone injured. There can be no question but that at the time he and the deceased were acting in the course of their employment because complying with the express command of their employer. It follows that in leaving the truck to go to the scene of the accident, Malchow was acting within the course of his employment.

Since Malchow was acting in the course of his employment in walking to the accident, his death, which occurred when a passing car struck him, clearly was incidental to his employment.

*By the Court.*—Judgment affirmed.